[Civ. No. 23637.   First Dist., Div. Three.   Jan. 10, 1969]

BENEDICT APOSTOLI, Plaintiff and Appellant, v. CITY AND COUNTY OF SAN FRANCISCO et al., Defendants and Respondents.

Charles O. Morgan, Jr., for Plaintiff and Appellant.

Thomas M. O'Connor, City Attorney, and Paul J. Di Noia, Deputy City Attorney, for Defendants and Respondents.

BROWN (H. C.), J.—Benedict Apostoli, a member of the San Francisco Fire Department, appeals from a judgment denying his petition for a writ of mandate. He seeks to set aside a two-day suspension imposed by the chief of the fire department for failure to properly operate departmental equipment resulting in an accident.

Apostoli contends (1) that the fire chief was not empowered to suspend him without a prior hearing; (2) that there was no formal complaint in writing filed against him as required by the rules and regulations of the fire department, and (3) that the order of suspension was not supported by the evidence.

The Facts: Appellant has been an employee of the San Francisco Fire Department for over 10 years. On March 12, 1965, he was directed to drive a 14-ton fire truck to the No. 28 engine company fire station (not an emergency fire call). To get to his destination he drove on the Embarcadero Freeway

and exited at the Broadway off-ramp. As he came around the off-ramp he saw two cars stopped at a stop light. Despite his efforts to stop, he collided with the two cars.

The incident was investigated by Assistant Chief Leo Olson and Lieutenant Robert Sherratt. On March 15 they made their written report to the fire chief, William F. Murray, with their conclusion that the accident was due to excessive speed for existing road conditions and lack of good judgment.

Chief Murray, after receiving the report, ordered Apostoli suspended for a period of two days without pay. The order of suspension, a copy of which was given to appellant, provided in part: "Circumstances: Failure of Fireman Apostoli to operate a departmental apparatus in accordance with practices considered proper and acceptable by this department and set forth in the driver's manual resulting in a preventable accident . . ."

Appellant filed an appeal from the order of suspension to the Board of Fire Commissioners. At the hearing before the board, Fire Chief Murray testified that in reaching his decision to suspend appellant he examined the investigating report of Assistant Chief Lee Olson, the report of the San Francisco Police Department concerning the accident and the statement of appellant. Chief Murray concluded that appellant was driving too fast under the conditions and, further, was exceeding the maximum speed limit of the department when, as he admitted, he drove the fire truck at a speed of 50 miles per hour before exiting from the freeway, although this latter driving was not directly connected with the accident.

The appellant testified that his speed on the off-ramp of the freeway was 30 miles per hour and that the accident was due to the condition of the pavement, slippery from rain and oil. A California Highway Patrol officer testified that 30 miles per hour was a safe and lawful speed at this particular intersection and off-ramp. The officer also testified as to the hazard caused by the slippery condition of the site of the accident due to an oil film on the surface of the pavement.

The Board of Fire Commissioners, without specifying its reasons for so doing, affirmed the suspension. Appellant filed a petition for writ of mandate with the superior court. The petition was denied and this appeal followed.

Appellant contends that a hearing is required under the charter before the chief can suspend a fireman.

Section 155 of the city charter provides: "Members of the fire or the police department guilty of any offense or violation

of the rules and regulations of their respective departments, shall be liable to be punished by reprimand, or by fine not exceeding one month's salary for any offense, or by suspension for not to exceed three months, or by dismissal, after trial and hearing by the commissioners of their respective departments; *provided, however, that the chief of each respective department for disciplinary purposes may suspend a member for a period not to exceed ten days for violation of the rules and regulations* of his department. Any member so suspended shall have the right to appeal such suspension to the fire commission or to the police commission, as the case may be, and have a trial and hearing on such suspension. Written notice of appeal must be filed within 10 days after such suspension and the hearing of said appeal must be held within 30 days after the filing of said notice of appeal. If the commission shall reverse or alter the finding of the chief, it shall in the case of a reversal and in other cases it may in its discretion, order that the member affected be paid salary for the time of his suspension. In the event the chief should exercise such power of suspension, the member involved shall not be subject to any further disciplinary action for the same offense. [Italics added.]

"Subject to the foregoing, members of either department shall not be subject to dismissal, nor to punishment for any breach of duty or misconduct, except for cause, nor until after a fair and impartial trial before the commissioners of their respective departments, upon a verified complaint filed with such commission setting forth specifically the acts complained of, and after such reasonable notice to them as to time and place of hearings as such commission may, by rule, prescribe. The accused shall be entitled, upon hearing, to appear personally and by counsel; to have a public trial; and to secure and enforce, free of expense, the attendance of all witnesses necessary for his defense."

Section 155 of the city charter clearly provides authority in the fire chief summarily to suspend without a prior hearing and affords ample protection of all the members' constitutional rights.

Apostoli relies upon *Steen* v. *Board of Civil Service Comrs.*, 26 Cal.2d 716, 723 [160 P.2d 816], for his position that a hearing is required before a suspension may be effective. *Steen* applies to discharge, not suspension, and is not applicable here.

The statutory power of the chief is not without restraint

since the suspended member has the right to appeal to the Fire Commission. This appeal contemplates a full hearing with the right of the member to appear with counsel, to have a public trial and to secure the attendance of witnesses for his defense. The commission has the power *to reverse or alter the finding of the chief, and in case of reversal may in its discretion order that a member affected be paid salary for the period of suspension.*

Here the commission merely affirmed the chief's order of suspension. While it is preferable for administrative boards to state the reasons for affirmance or reversal of the chief's imposition of disciplinary measures, the affirmance implies the adoption of the fire chief's conclusion and decision.

■ Appellant next contends that the suspension was defective in that no formal complaint was filed as required by section 4403 of the rules and regulations of the department. Section 4403 reads in part as follows: ''When, in the opinion of officers or other superiors, the offense or violation is not sufficiently serious as to warrant immediate suspension, a formal complaint shall be submitted in writing to the Chief.

''Where, in the opinion of officers or other superiors, the offense or violation is sufficiently serious as to warrant immediate suspension, the offense or violation shall be reported at once to the chief officer next in line of ascending rank. After investigation of the reported offense or violation the investigating chief officer shall make a verbal report of the circumstances to the Chief. . . .

''The Chief may make or direct:

''(a) The suspension of an offender for any number of days up to a maximum of 10 as provided in § 4401, or

''(b) May deny the suspension and order that a formal complaint be submitted.

''(c) The temporary suspension by temporary removal from duty, without pay, of an offender under submission of a verified formal complaint for impartial public hearing and trial before the Commission when such action is deemed necessary to protect the public, to keep public service above reproach, or where the accused is unfit or incapable of faithful performance of official duty.''

Appellant argues that because there was no immediate suspension of appellant, his was a case where section 4403 required a formal complaint.

Section 4403 contains an inconsistency. It first states that when the violation is not so serious a one as to require imme-

diate suspension, a formal complaint is necessary. This section also states, however, that "[a]fter investigation . . . The Chief may . . . direct: (a) The suspension of an offender . . . up to a maximum of 10 [days] . . ." This latter portion of the section indicates there are cases that require investigation. Such investigation obviously would necessitate a time lapse, after which, on the oral report the chief's summary power to suspend may be invoked.

While the inconsistency in the language of section 4403 relative to the filing of a formal complaint and a verbal complaint with the chief should be eliminated or clarified, it is sufficiently clear that under the circumstances here where an investigation of the accident was indicated, it may be inferred that after such investigation the chief is empowered to suspend for the limited period not to exceed ten days. Further, here a detailed written report of the incident involving Apostoli was given to the chief. This report (or complaint) prepared by Lieutenant Sherratt, complied with the requirements of section 4403 relative to written reports (except its verification). It was directed to Fire Chief Murray and named Apostoli as the driver of the fire department's vehicle that caused an accident. It gave the time, place and all pertinent information concerning the accident. It is concluded that Apostoli's contention that a more formal written complaint under the circumstances was required is without merit.

Apostoli also argues that the order of discharge was defective in that the section of the fire department regulation which he was charged with violating was omitted. This omission was not prejudicial to Apostoli.

*Link* v. *Wabash R.R. Co.*, 370 U.S. 626, 632 [8 L.Ed.2d 734, 739, 82 S.Ct. 1386], states: "The adequacy of notice . . . respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct. . . ." *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 [94 L.Ed. 865, 873, 70 S.Ct. 652], states: "The notice must be of such nature as reasonably to convey the required information [citation]. . . ." Here, appellant was given a copy of the fire department's investigation report and was fully aware of the reasons for the suspension. The contention is without merit.

Appellant also contends that the order for suspension was not supported by the evidence.

"In reviewing the evidence . . . all conflicts must be re-

solved in favor of the respondent, and all legitimate and reasonable inferences indulged in to uphold the verdict [judgment of the trial court] if possible.'' (*Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427, 429 [45 P.2d 183]; also see *Estate of Bristol*, 23 Cal.2d 221, 223, 224 [143 P.2d 689].)

Although appellant presented evidence that the cause of the accident was the wet and oily surface of the highway, there was also substantial evidence of Apostoli's negligent driving or poor judgment or both. Two other vehicles (the automobiles with which Apostoli collided) negotiated the turn and stopped at the signal. The San Francisco accident report indicated Apostoli was ''exceeding a safe speed—but not stated limit.'' This report indicates the pavement was wet. It omits to state that the pavement surface was slippery although a section of the report is provided for that information if it existed.

The fire commission also had before it the evidence of the investigation by Lieutenant Sherratt and submitted by Chief Lande, both of whom were experienced in the operation of fire department equipment and who determined that Apostoli drove at an ''[e]xcessive speed for existing road conditions . . .'' and exercised ''lack of good judgment.'' The accident itself raises implications of lack of care by Apostoli. It involved the fire vehicle colliding with the rear end of stopped vehicles. The accident occurred in daylight. The fire vehicle was in good condition. The weather, though inclement, would necessitate greater care than under normal conditions. It is thus determined that substantial evidence is present to support the conclusion of the investigating officer as to the negligent operation of fire department equipment by Apostoli.

It is concluded (1) that the chief of the fire department is authorized under section 155 of the city charter to impose a suspension of a fireman for misconduct for a period not to exceed ten days without requiring a prior hearing; (2) that the formalities of section 155 of the city charter and section 4403 of the rules and regulations of the fire department were complied with by the delivery of a copy of the defendant's investigation report to Apostoli; and (3) that there was substantial evidence supporting the trial court's finding of misconduct and supporting the imposition of the suspension by the chief of the fire department.

The judgment is affirmed.

Draper, P. J., and Salsman, J., concurred.